UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

DONALD JOSEPH ZELAZNY,

Debtor.
_____/

Case No. 20-50976

Chapter 7

Judge Thomas J. Tucker

STUART A. GOLD, TRUSTEE,

Plaintiff,

vs.

MYLES DAVIS, *et al.*,

Defendants.
_____/

Adv. Pro. No. 21-4141

**OPINION AND ORDER DENYING PLAINTIFF'S TWO MOTIONS FOR SUMMARY JUDGMENT, AND CANCELLING MARCH 30, 2022 BENCH OPINION HEARING**

This adversary proceeding is before the Court on the Plaintiff's two motions for summary judgment (Docket ## 25, 28, the "Motions"). The Court held a telephonic hearing on the Motions on March 23, 2022, and then took the Motions under advisement. The Court scheduled a bench opinion hearing for March 30, 2022 at 12:30 p.m.

The Court now has decided to issue a written decision on the Motions, rather than giving an oral bench opinion. For the following reasons, both of the Motions will be denied.

In the Motions, the Plaintiff Trustee seeks summary judgment against both of the Defendants on Counts I and II of Plaintiff's Complaint (Docket # 1). In Count I, the Plaintiff seeks avoidance and recovery of an allegedly fraudulent transfer, based on 11 U.S.C. § 544(b) and Michigan's Uniform Fraudulent Transactions Act, Mich. Comp. Laws §§ 566.34(1)(a),

566.34(1)(b), and 566.35(1). In Count II, the Plaintiff states a claim for breach of contract. Both Counts seek a judgment against the Defendants for $90,000.00 plus interest.

The Court has considered all of the oral and written arguments of the parties, all of the briefs and exhibits filed by the parties, and all of the authorities cited by the parties. The Court finds and concludes as follows.

1. In considering whether summary judgment should be granted for the Plaintiff, the Court has applied the standards governing motions for summary judgment under Fed. R. Civ. P. 56, which the Court now adopts and incorporates by reference from its prior opinion in the case of *Schubiner v. Zolman* (*In re Schubiner*), 590 B.R. 362, 376-77 (Bankr. E.D. Mich. 2018). Those standards include, among other things, the requirements that in deciding a summary judgment motion, (a) the Court "'must afford all reasonable inferences, and construe the evidence in the light most favorable to the nonmoving party[,]'" *Schubiner*, 590 B.R. at 376 (citation omitted); and (b) the Court "must 'believe the evidence of the nonmovant, and draw all justifiable inferences in favor of the nonmovant.'" *Id.* at 377 (citations omitted).

2. On the current record in this case, the Court concludes that genuine issues of material fact preclude granting summary judgment against either of the Defendants on either Count I or Count II of the Plaintiff's Complaint.

3. Such genuine issues include, but are not limited to, the following:

    A. Whether, as the Plaintiff contends, the document dated August 22, 2016, signed by Defendant Myles Davis and the bankruptcy Debtor, Donald J. Zelazny DDS, "individually and as President of Donald J. Zelazney DDS PC," which is entitled:

Myles Davis

Donald J. Zelazny DDS
Donald J Zelazney DDS PC
and
Dentalkeeping, LLC
Partnership and Business Support Services Agreement
Letter of Intent[1]

was the final agreement between and among the parties; or, alternatively,

    B. Whether, as the Defendants contend, the terms in the August 22, 2016 document were later modified by an oral agreement of the parties to the terms alleged by the Defendants in their summary judgment briefs.[2]

    C. If, as the Plaintiff contends, there was no such oral agreement modifying the terms of the August 22, 2016 document, whether and to what extent the August 22, 2016 document is an enforceable contract, and if so, what its material terms mean.

    D. Whether, as the Plaintiff contends, the language in the fourth paragraph of text in the August 22, 2016 document contractually obligated Defendant Myles Davis to make a $90,000.00 capital contribution to Dentalkeeping, LLC, to be used for the purposes stated in the foregoing paragraph; or, alternatively,

    E. Whether, as the Defendants contend, the final agreement of the parties, including the alleged oral agreement to modify the terms of the August 22, 2016 document, instead obligated Dentalkeeping, LLC to make a $90,000.00 loan to Donald J.

---

[1] A copy of this document appears as Exhibit A to the Plaintiff's first summary judgment motion (Docket # 25-1), and is referred to below as the "August 22, 2016 document."

[2] Docket ## 39, 41. Such an alleged oral agreement, on the terms alleged by the Defendants, could not be considered invalid under Mich. Comp. Laws § 566.1, because under the alleged oral agreement there was consideration that was new and different from the consideration under the August 22, 2016 document.

Zelazny DDS, P.C., and if so, what were the terms of that loan.

F. Whether, and to what extent, the Plaintiff, as successor to the rights and property of the bankruptcy Debtor, Donald J. Zelazny (as distinguished from the rights and property solely of Donald J. Zelazny DDS, P.C.), has a valid claim for breach of contract against either or both of the Defendants, and if so, what is the amount of damages proximately caused by such breach(es) of contract.

G. With respect to the Plaintiff's fraudulent transfer claim (Count I), whether the bankruptcy Debtor, Donald J. Zelazny, received reasonably equivalent value in exchange for the transfer of his assets (as distinguished from the transfer of the assets of Donald J. Zelazny DDS, P.C.), that was made as part of the transaction with Tiffany Danyal, D.D.S. under the agreement entitled "Dental Practice Purchase Agreement" dated May 1, 2017 (the "May 1, 2017 Sale Transaction").[3]

H. As part of the issue regarding reasonably equivalent value stated in ¶ G above, what was the value of the assets of the bankruptcy Debtor, Donald J. Zelazny, that were transferred in the May 1, 2017 Sale Transaction?

I. Also as part of the issue regarding reasonably equivalent value stated in ¶ G above, what was the value of the consideration that the bankruptcy Debtor, Donald J. Zelazny, received in the May 1, 2017 Sale Transaction?

J. How much, if any, of the value of the $90,000.00 promissory note from Tiffany

---

[3] A copy of this agreement appears at Docket # 25-2, as part of Exhibit D to the Plaintiff's first summary judgment motion.

Danyal, D.D.S. dated May 1, 2017, payable to the order of DentalKeeping LLC,[4] represented property of the bankruptcy Debtor, Donald J. Zelazny (as distinguished from the property of Donald J. Zelazny DDS, P.C.)?

4. In addition, there are conflicts in the evidence that is in the current record that preclude summary judgment for the Plaintiff on either Count I or Count II. (*E.g., compare* Aff. of Myles Davis (Docket # 39, Ex. 1) *with* Decl. of Donald Joseph Zelazny (Docket # 58-2, Ex. E attached to Pl.'s Reply Br.).

5. In the exercise of the Court's discretion under Fed. R. Civ. P. 56(g), the Court declines the Plaintiff's request, made in the alternative during the hearing, to enter an order stating what material facts, if any, are *not* genuinely in dispute. *See generally* Fed. R. Civ. P. 56 advisory committee's notes to 2009 Amendments (regarding Civ. R. 56(g)).

For the reasons stated above, the Court will deny both of the Plaintiff's Motions. A trial will be necessary. Accordingly,

IT IS ORDERED that each of the Motions (Docket ## 25, 28) is denied.

IT IS FURTHER ORDERED that the oral bench opinion hearing, scheduled for March 30, 2022 at 12:30 p.m., is cancelled.

**Signed on March 25, 2022**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

[4] A copy of this promissory note appears at Docket # 25-2, as part of Exhibit D to the Plaintiff's first summary judgment motion.